14-2605
Singh v. Lynch

BIA
A088 186 012

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of December, two thousand fifteen.

PRESENT:
　　　　RALPH K. WINTER,
　　　　PETER W. HALL,
　　　　SUSAN L. CARNEY,
　　　　　　*Circuit Judges.*
_____

KARAMJIT SINGH,
　　　　*Petitioner,*

　　　v.　　　　　　　　　　　　　　　　14-2605
　　　　　　　　　　　　　　　　　　　　NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent.*
_____

FOR PETITIONER:　　　　Jaspreet Singh, Jackson Heights,
　　　　　　　　　　　　New York.

FOR RESPONDENT:　　　　Benjamin C. Mizer, Principal Deputy
　　　　　　　　　　　　Assistant Attorney General;
　　　　　　　　　　　　Jennifer Williams, Senior

Litigation Counsel; Lindsay W. Zimliki, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Karamjit Singh, a native and citizen of India, seeks review of a June 27, 2014 decision of the BIA denying Singh's motion to reopen. *In re Karamjit Singh,* No. A088 186 012 (B.I.A. June 27, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the BIA's denial of Singh's motion to reopen for abuse of discretion, *see Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam), and the BIA's factual findings regarding country conditions under the substantial evidence standard, *see Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). It is undisputed that Singh's motion to reopen was untimely filed: the agency's order of removal became final in 2010 and Singh did not file his motion to reopen until

2

2014, well beyond the 90-day deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

The BIA did not err in declining to equitably toll the period for Singh to file his motion based on his ineffective assistance of counsel claim. In order to warrant equitable tolling, even assuming that prior counsel was ineffective, an alien is required to demonstrate "due diligence" in pursuing his claim during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008); *see also Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006).

Singh failed to demonstrate due diligence. He did not take any action to pursue reopening in the more than three years that passed between the agency's final order of removal and his motion to reopen. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715-16 (2d Cir. 2007)(per curiam).

The BIA also reasonably found that Singh failed to demonstrate changed conditions in India to excuse the untimely filing of his motion. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii) (exempting from the time limitation motions to reopen "based

3

on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding"). In light of the agency's underlying adverse credibility determination, the BIA reasonably declined to credit Singh's assertion that police recently had targeted and harmed his family members because that assertion was supported solely by evidence that depended upon Singh's veracity: his own affidavit and an affidavit purportedly from his father. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2007). Moreover, Singh's general country conditions evidence in support of reopening was substantially similar to the evidence at his hearing—providing no indication that Sikhs are persecuted on account of their party affiliation or support for an independent state. Therefore, the record does not compel the conclusion that conditions in India have materially changed since 2008. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also Jian Hui Shao*, 546 F.3d at 171.

4

Accordingly, the BIA did not abuse its discretion in denying Singh's motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk